

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2008

# USA v. Higgs

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4659

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Higgs" (2008). *2008 Decisions.* Paper 1160.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1160

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-4659

UNITED STATES OF AMERICA

v.

ANDRE J. HIGGS,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 05-CR-00205
District Judge: The Honorable Joy Flowers Conti

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 22, 2008

Before: SMITH, HARDIMAN, and NYGAARD, *Circuit Judges*

(Filed: May 22, 2008)

OPINION

SMITH, *Circuit Judge*.

In October of 2004, Andre J. Higgs sold several bricks of heroin to a confidential

informant. In July of 2005, Higgs was charged in a multi-defendant, multi-count

indictment with one count each of possession with intent to distribute less than 100 grams

of heroin in violation of 21 U.S.C. § 841, and conspiracy to distribute and to possess with

the intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846.

Pursuant to a plea agreement, containing a waiver of his right to file a direct appeal, Higgs pleaded guilty to the conspiracy count and agreed that the amount of heroin at issue was "more than 100 grams but less than 400 grams." At sentencing, Higgs argued that a state drug conviction for distributing heroin, for which he was incarcerated, should be considered as relevant conduct. Such a ruling could be advantageous to Higgs because if the prior state conviction increased his offense level under the sentencing guidelines, he would then be able under U.S.S.G. § 5G1.3(b) to obtain credit on his federal sentence for the time already served on his undischarged state sentence and to have his federal sentence run concurrent to the remainder of that undischarged state sentence.

The District Court for the Western District of Pennsylvania agreed that Higgs' state offense was relevant conduct. The Court, however, rejected the argument that Higgs' state offense increased his offense level. It explained that Higgs' offense level had been calculated on the basis of the stipulation in the plea agreement that the quantity of heroin was more than 100 grams but less than 400 grams. As a result, the District Court refused to give Higgs credit for all of his time in state custody. The Court sentenced Higgs to 70 months of imprisonment. Consistent with U.S.S.G. § 5G1.3(c), the District Court exercised its discretion and imposed Higgs' 70 month sentence to run partially concurrent with his undischarged state sentence from the date of his guilty plea, thereby giving Higgs credit for four months of imprisonment already served on his

undischarged state sentence.

Despite Higgs' waiver of his right to appeal, this appeal followed.[1] He concedes that his appellate waiver was knowing and voluntary. Nonetheless, Higgs argues that the waiver should be set aside because the District Court erred by failing to give him full credit for the time already served on his undischarged state sentence and this error resulted in a miscarriage of justice.

In *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001), we held that "waivers of appeals, if entered into knowingly and voluntarily, are valid." We acknowledged that "there may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." *Id.* at 563. We fail to see any error by the District Court, however, which would warrant setting aside Higgs' sentence. In our view, the District Court properly applied U.S.S.G. § 5G1.3. The District Court also gave Higgs a not insignificant "break" by according him partial credit for the period of imprisonment already served on his undischarged state sentence.

Accordingly, we will affirm the judgment of the District Court.

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324,327-28 (3d Cir. 2006).